**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Travinia Italian Kitchen at Richmond, LLC ) | Case # 19-01325-hb |
| ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Notice of Application and |
| ) | Opportunity for Hearing |

### NOTICE OF FEDERAL REALTY INVESTMENT TRUST'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

Federal Realty Investment Trust ("FRIT") has filed papers with the court seeking allowance and payment of an administrative priority claim in the amount of $36,820.01.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant FRIT's allowance and payment of the administrative priority claim, or you want the court to consider your views on the application, then within twenty-one (21) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

    1100 Laurel Street
    Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

  Nelson Mullins Riley & Scarborough LLP
  Attn: B. Keith Poston
  1320 Main Street/ 17th Floor
  Post Office Box 11070 (29211)
  Columbia, SC  29201

Attend the hearing scheduled to be heard on June 3, 2019 at 9:30 a.m. at the Donald S. Russell Federal Building, & U.S. Courthouse, 201 Magnolia Street, Spartanburg, South Carolina 29306

If no response, return, and/or objection is timely filed and served, no hearing will be held on this application,, except at the direction of the judge.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

| | |
|---|---|
| Date: May 2, 2019 | NELSON MULLINS RILEY & SCARBOROUGH L.L.P. |
| | By: /s/ B. Keith Poston |
| | B. Keith Poston |
| | Fed Bar 10599 |
| | E-Mail: keith.poston@nelsonmullins.com |
| | 1320 Main Street/ 17th Floor |
| | Post Office Box 11070 (29211) |
| | Columbia, SC  29201 |
| | (803) 799-2000 |

*Attorneys for Federal Realty Investment Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Travinia Italian Kitchen at Richmond, LLC | ) | Case # 19-01325-hb |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

### FEDERAL REALTY INVESTMENT TRUST'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

Federal Realty Investment Trust ("FRIT"), by and through its undersigned attorneys, hereby moves pursuant to 11 U.S.C. § 365(d)(3) for allowance and payment of an administrative priority claim in the total amount of $36,820.01. In support of this application, FRIT states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND

3. On or about June 19, 2013, FRIT and Travinia Italian Kitchen at Richmond, LLC (the "Debtor") entered into a lease agreement for the premises located at 1601 Willow Lawn Drive, Richmond, VA 23230 (the "Premises"). True and correct copies of this agreement and its subsequent modifications (collectively, the "Lease") are attached hereto as **Exhibit A** and are incorporated herein by reference.

4. On or about March 6, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition for Relief") under Chapter 7 of Title 11 of the United States Code,

11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of South Carolina.

5. At the time that the Debtor filed its Petition for Relief, the Debtor was in default on payments under the Lease in the amount of $43,821.10.

6. The Trustee sought and received permission to continue to operate the business of the Debtor. *See Order to Operate Business* [Dkt. No. 16, entered March 26, 2019].

7. Since the Debtor filed its Petition for Relief, the Debtor has continued to incur rent, charges, and fees under the Lease.

8. The Debtor and/or the Trustee made a payment to FRIT on March 27, 2019.

9. The Debtor still owes administrative rent, charges, and fees in the amount of $36,820.01 to FRIT, and therefore, FRIT files this Application.

## RELIEF REQUESTED

FRIT respectfully requests that the Court enter an order granting it an administrative expense claim for rent, charges, and fees incurred pursuant to the Lease from the Petition Date to the present (a summary of which is attached hereto as **Exhibit B** and incorporated herein by reference), with the total amount of the claim being $36,820.01.

## BASIS FOR RELIEF

**A. FRIT is entitled to the Full Amount of its Administrative Claim Pursuant to 11 U.S.C. § 365(d)(3).**

Under 11 U.S.C. § 365(d)(3), the trustee shall timely perform all the obligations of the debtor, except those specified in § 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding 11 U.S.C. § 503(b)(1).

Since the Petition Date, the Debtor has continued to incur rent, charges, and fees under the Lease.  Specifically, rent, charges, and fees have accrued under the Lease for the time period of March 6, 2019 through March 31, 2019, as well as for the months of April and May.  Although the Debtor and/or the Trustee made a payment on March 27, 2019, post-petition rent, charges, and fees in the amount of $36,820.01 are still outstanding.  *See* Exhibit B, attached hereto, which details the outstanding post-petition rent, charges, and fees.

FRIT's claim for the amounts accruing under the Lease between the Petition Date and the present is entitled to administrative priority.  *See Geonex Corp. v. Norritech (In re Geonex Corp.)*, 1997 U.S. App. LEXIS 22242, at *10 (4th Cir. Aug. 19, 1997) ("[A]dministrative claims for post-petition rent are allowed without regard to the limitations and restrictions imposed by § 503(b)(1)."); *In re Sea Turtle Cinemas, Inc.*, 2010 Bankr. LEXIS 4636, at *8 (Bankr. D.S.C. Sept. 27, 2010) (requiring the debtor to pay post-petition stub rent under 365(d)(3)).[1]  Accordingly, FRIT has an administrative priority claim under 11. U.S.C. § 365(d)(3) in the amount of $36,820.01.[2]

WHEREFORE, for the foregoing reasons, FRIT respectfully requests the entry of an Order:

---

[1] FRIT is also entitled to an administrative claim under 11 U.S.C. § 503(b)(1)(A), which allows for the payment of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).  Here, the Trustee has been continuing to operate the Debtor's business on the Premises.  Payment of the obligations under the Lease for the Premises is necessary to the continued operation of the business, and therefore, these expenses are a necessary cost and expense of preserving the estate.  Accordingly, FRIT's claim is entitled to administrative priority.  *See In re Southern Soya Corp.,* 251 B.R. 302, 310 (Bankr. D.S.C. 2000) (quoting *Ford Motor v. Dobbins*, 35 F.3d 860, 867 (4th Cir. 1994)) ("That which is actually utilized by a Trustee in the operation of a debtor's business is a necessary cost and expense of preserving the estate [under § 503(b)] and should be accorded the priority of an administrative expense.").

[2] FRIT reserves the right to assert any and all other claims of whatever kind or nature that it has or may have against the Debtor or the estate.  The filing of this Application is not a waiver or release of any claims or rights of FRIT against any other person or entity or a waiver of any past, present, or future defaults.  Further, nothing contained herein is a waiver of any other post-petition administrative expense claims that FRIT has or may have against the Debtor or the estate.  In particular, post-petition rent, charges, and fees will continue to accrue each month, and these amounts will also be entitled to administrative priority pursuant to § 365(d)(3).

A. Allowing an administrative expense claim in the amount of $36,820.01 for the value of the outstanding rent, charges, and fees incurred pursuant to the Lease from the Petition Date to the present;

B. Directing the Trustee to pay such administrative claim; and

C. Granting FRIT such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED on this the 2nd day of May, 2019.

NELSON MULLINS RILEY & SCARBOROUGH L.L.P.

By:  /s/ B. Keith Poston
B. Keith Poston
Fed Bar 10599
E-Mail: keith.poston@nelsonmullins.com
1320 Main Street/ 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
(803) 799-2000

*Attorneys for Federal Realty Investment Trust*

Of Counsel:
Jessica A. Glajch
ECKERT SEAMANS CHERIN
  & MELLOTT, LLC
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, DC  20006
Tel: (202) 659-6672
jglajch@eckertseamans.com